David L. Aronoff (SBN: 152606)
daronoff@winston.com
Gayle I. Jenkins (SBN: 168962)
gjenkins@winston.com
Katherine B. Winston (SBN: 272159)
kbwinston@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants,
ORECK CORPORATION, ORECK DIRECT, LLC,
ORECK HOLDINGS, LLC, ORECK HOMECARE, LLC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**IN RE: ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION**

Case No. 2:12-ml-02317 CAS (JEM)

[MDL No. 2317]

**OPPOSITION TO MOTION FOR APPOINTMENT OF KIRTLAND & PACKARD LLP AS INTERIM CLASS COUNSEL AND APPROVAL OF PROPOSED LEADERSHIP STRUCTURE**

Date: March 26, 2012
Time: 10:00 A.M.
Courtroom: 5 (Los Angeles)
Before: Hon. Christina A. Snyder

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## TABLE OF CONTENTS

Page

I. INTRODUCTION .... 1
II. RELEVANT FACTUAL BACKGROUND .... 2
III. LEGAL DISCUSSION .... 6
A. Appointment Of Interim Counsel To Concurrently Represent Both Halo And Air Purifier Purchasers Is Improper .... 6
1. The Classes Of Purchasers Of Two Unrelated Products That Use Entirely Different Technology Should Be Kept Separate .... 7
a. Plaintiffs' Argument That The Two Different Products Should Be In A Single Class Relies On Unsupported Factual Inaccuracies And Red-Herrings .... 7
b. The Classes Of Purchasers Should Be Kept Separate For The Purpose Of Sound Judicial Administration .... 9
2. There Is A Conflict Of Interest In Representing Both Halo and Air Purifier Classes .... 11
B. Appointment Of Interim Counsel For Halo Purchasers Is Unnecessary .... 13
1. Appointment Of Interim Class Counsel Is Only Warranted In Limited Circumstances, None Of Which Exist Here .... 14
2. Appointment Of Interim Counsel To Represent The Halo Class Is Unnecessary Because Of The Absence Of A Conflict Or Rivalry .... 15
C. The Moving Attorneys Are Likely Unsuitable To Serve As Class Counsel .... 16
1. The Actions Of The "Cooperating Counsel" Have Constituted Blatant Forum Shopping .... 16
2. Appointing Any Of The "Cooperating Counsel" As Interim Class Counsel Would Reward Forum Shopping And The Filing Of Duplicative, Copycat Actions .... 18

IV. CONCLUSION .......................................................................................... 19

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES


Page(s)

**CASES**

*Alvarado v. Bank of Am.*, Civ. S-08-2862 LKK/DAD, 2009 WL 720875 (E.D. Cal. 2009) ....................... 17

*Banga v. First USA, NA*, No. CIV-09-2268 FCD GGH PS, 2010 WL 727749 (E.D. Cal. Mar. 2, 2010) ....................... 18

*Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582 (S.D. Ill. May 10, 2006) ....................... 14

*Fiandaca v. Cunningham,* 827 F.2d 825 (1st Cir. 1987) ....................... 12

*In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67 (S.D.N.Y. 2006) ....................... 15

*Kayes v. Pac. Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995) ....................... 11, 14

*Krim v. PCOrder.com, Inc.*, 210 F.R.D. 581 (W.D. Tex. 2002) ....................... 12

*Kuper v. Quantum Chemical Corp.*, 145 F.R.D. 80 (S.D. Ohio 1992) ....................... 12

*McDermott v. Toyota Motor Sales Co., Ltd.*, 487 F. Supp. 484 (E.D. Tenn. 1980) ....................... 17

*Moore v. Margiotta,* 581 F. Supp. 649 (E.D.N.Y. 1984) ....................... 12

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ....................... 12

*Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006) ....................... 17

*Steward v. Dow Corning Corp.*, No. 92-1105-K, 1992 WL 75195 (D. Kan. Mar. 13, 1992) ....................... 16, 17


Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Telesco v. Telesco Fuel & Masons' Materials, Inc.*,
765 F.2d 356 (2d Cir. 1985) .......... 16

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*,
341 F. Supp. 2d 69 (D.P.R. 2004) .......... 17

**OTHER AUTHORITIES**

5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.121
(3d. ed. 2007) .......... 15

Fed. R. Civ. P. 15(a)(1)(A) .......... 18

Fed. R. Civ. P. 23 .......... 1, 8, 13, 14

Fed. R. Civ. P. 23(g) .......... 14

Fed. R. Civ. P. 23(g)(2)(A) .......... 2, 13, 14, 15

Fed. R. Civ. P. 23(g)(3) .......... 14, 15

Fed. R. Civ. P. 41(d) .......... 17

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# I. INTRODUCTION

The motion for appointment of interim class counsel filed by the consortium of Plaintiffs' counsel who refer to themselves as "Cooperating Counsel" is unnecessary and improper. Federal Rules of Civil Procedure, Rule 23 mandates that, when seeking an appointment as interim counsel, Plaintiffs must explain the necessity for such an appointment. However, Plaintiffs have failed to do so and, in fact, cannot offer any reason why such an appointment would serve any purpose other than creating irreconcilable conflicts of interest.

Plaintiffs' Motion is full of factual inaccuracies that appear motivated by the prospect of improperly securing appointment as interim counsel for ***both*** Halo and air purifier putative classes and prematurely securing a ruling against the separation of the classes, which question was deferred to the judgment of this Court by the Judicial Panel on Multidistrict Litigation (the "Panel"). However, "combining" the two classes of purchasers of completely different products with different technologies is improper and would create irreconcilable conflicts of interest. To construct an inaccurate picture that the products are alike when they are not – and before conducting any discovery on the issue – Plaintiffs misleadingly assert that the vacuum and air purifiers were "often" advertised together, when in truth and in fact there was a single short-lived campaign (November 2009-March 2010) that featured the products side by side. Plaintiffs further resort to smoke and mirrors by relying on the fact that the FTC – an administrative agency that functions entirely differently than consumers and whose actions have no bearing on the conduct of class action proceedings – chose not to separate the products, in an effort to convince this Court that the vacuum and air purifier putative classes should be "combined." This request to have both putative classes represented by the same counsel, premised on Plaintiffs' misrepresentation of crucial facts, should not be entertained.

Plaintiffs' Motion also conveniently ignores that interim counsel has already been appointed for the air purifier putative class and that appointment of interim

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

counsel for the Halo putative class is wholly unnecessary. The appointment of interim class counsel is a discretionary measure available if needed to protect the interests of the putative class where several rival plaintiffs' counsel are vying for the lead in a consolidated matter, or other unique circumstances have arisen that indicate interim counsel is "***necessary*** to protect the interest of the putative class." Fed. R. Civ. Pro. 23(g)(2)(A), advisory committee's notes (2003) (amended 2007) (emphasis added). None of the circumstances under which interim counsel has been found to be necessary exist here, as there is no conflict among counsel for Halo vacuum purchasers – the only class for whom interim counsel has not yet been appointed. The absence of an existing ground for the necessity of appointment of interim counsel for the Halo putative class dooms Plaintiff's Motion.

Furthermore, as discussed herein, the blatant forum shopping tactics of the "cooperating counsel" behind the present motion render the proposed interim counsel ineligible as class counsel. For all of these reasons, the Motion should be denied.

## II. RELEVANT FACTUAL BACKGROUND

Between May 10, 2011 and the present, six (6) putative consumer class actions were filed against Tennessee-based Oreck[1] in various jurisdictions, which actions have now been consolidated into a single MDL proceeding before this Court.[2] The present Motion for Appointment of Kirtland & Packard LLP as Interim Class Counsel is the culmination of a concerted effort by counsel in five of the six actions – all but

[1] As used herein, "Oreck" will refer to all of the entity Defendants: Oreck Corporation, Oreck Direct, LLC, Oreck Holdings, LLC, and Oreck Homecare, LLC.

[2] Those six related actions are as follows: (1) *Ruscitti v. Oreck Corp.,* C.D. Cal. Case No. 2:12-cv-00950 (previously N.D. Ill. Case No. 1:11-cv-03121); (2) *Chenier/Yosri v. Oreck Corp.*, C.D. Cal. Case No. 2:11-cv-05321; (3) *Latta v. Oreck Corp., et al.*, C.D. Cal. Case No. 2:11-cv-01082; (4) *Stiepleman v. Oreck Corp., et al.,* C.D. Cal. Case No. 2:12-cv-00949 (previously S.D. Fla. Case No. 0:11-cv-61861); (5) *Paragin v. Oreck Corp., et al.*, Case No. 2:12-cv-00951 (previously W.D. Ohio Case No. 1:11-cv-00580); and (6) *Edge/Gonzalez v. Oreck Corp. et al.*, C.D. Cal. Case No. 2:11-cv-08725.



Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Stiepleman* – to unilaterally "consolidate" all possible claims and models of products from the FTC inquiry in one single forum, regardless of the conflicts between the classes purchasing the different products and without regard for the conflicts of interests caused by attorneys representing more than one putative class in direct competition with each other.

The concerted forum shopping by the same self-professed "cooperating counsel" who are now seeking to be appointed interim class counsel became evident shortly after the first actions were filed against Oreck. First, ten days after the *Stiepleman* action was filed in Florida on behalf of a putative nationwide class of Oreck air purifier purchasers, on August 29th, counsel in *Chenier/Yosri* used their leave to file an amended complaint to file a more expansive complaint that included the ProShield Plus air purifier even though neither Chenier or Yosri had purchased an air purifier. (*See* Declaration of Gayle I. Jenkins ("Jenkins Decl."), ¶ 5, Ex. B [Opposition to *Ex Parte* Request for "Stay"], Declaration at ¶¶ 13-14, 18-19.)

Then, on September 9th, *Latta*'s counsel informed Oreck that the *Ruscitti* matter in Illinois was likely going to be dismissed and re-filed in California. When pressed for details and told that Oreck had just been involved in a hearing in *Ruscitti* the day before (September 8th) and no mention of this development had been disclosed during that hearing, *Latta*'s counsel responded that the *Chenier* attorney knew more about it than he did, but it was his understanding that the Illinois case was being "moved" to the Central District of California. Furthermore, during a September 12th conference, *Chenier*'s counsel represented that the Illinois case was going to be moved, through transfer, from its current forum to the Central District of California. The *Chenier* attorneys also represented that Mr. Paragin, as a purchaser of both an Oreck Halo vacuum and a ProShield Plus air purifier, was going to "join" their action and would cure their issue regarding having brought claims on behalf of air purifier purchasers when the named plaintiffs had not purchased air purifiers. Oreck was then told that a motion to amend to include Mr. Paragin as a plaintiff would be filed at the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

expiration of the ten (10) day waiting period under the local rules. (*See id.*, Declaration at ¶¶ 41-44.)

During a further call requested by the Texas attorneys from the *Chenier* action on September 13th, counsel revealed that now both the Ohio and Illinois cases were going to be re-filed by those plaintiffs in the Central District, and then counsel would seek to have the cases "related" to the *Chenier* action. Upon doing so, they would thereafter dismiss their original case in their original forums (Ohio and Illinois). This smacked even more egregiously of forum shopping than the original plan to add Mr. Paragin as a plaintiff in the *Chenier* case. (*See id.*, Declaration at ¶ 46.)

To apparently test the waters with their forum shopping plan, instead of just moving forward with that strategy, the *Chenier* and *Latta* parties filed identical *ex parte* applications (seeking to stay Oreck's pending motions) that fully unveiled a coordinated forum shopping effort among plaintiffs' counsel in the currently pending California, Illinois and Ohio actions. (*See* Jenkins Decl., ¶ 4, Ex. A [*Ex Parte* Request for "Stay"].) Oreck vigorously opposed the applications, as such a plan was clearly improper and an affront to the integrity of the judicial system. (*See* Jenkins Decl., ¶ 5, Ex. B [Opposition to *Ex Parte* Request for "Stay"].) This Court denied the *ex parte* stay sought by the plaintiffs and noted that some would label such tactics as forum shopping.

Furthermore, when the plan of re-filing on behalf of the same plaintiff in a new district was tacitly rejected by this Court in the denial of the *ex parte* applications, these same counsel (for *Latta, Chenier, Paragin and Ruscitti*) proceeded to engage in yet another equally inappropriate course of conduct: They cooperated in filing a sixth class action in the Central District of California – *Edge/Gonzalez* – that directly competed with their prior filed, pending cases in other jurisdictions and was filed merely for leverage in seeking consolidation in California and thus dodging the first to file rule.

On October 27th, Oreck filed two separate MDL motions, seeking consolidation and transfer of the Halo and air purifier cases to their respective first-filed jurisdictions. Plaintiffs' counsel reactively filed a "countermotion," once again attempting to move all six cases to California, relying on factual inaccuracies and glossing over the significant differences between the two products at issue in their pitch to have all six cases combined into one MDL proceeding. In doing so, Plaintiffs misleadingly asserted that the vacuum and air purifiers were "often" advertised together, when there was a single short-lived campaign that featured the products side by side, which ran intermittently during a brief six month period – from September 14, 2009 to March 31, 2010. (*See* Jenkins Decl., ¶ 3.) Plaintiffs' pitch to have the actions consolidated into a single MDL proceeding also ignored the fundamental differences between the Halo vacuum and air purifier products, as set forth below:

| | Oreck Halo | Oreck ProShield Plus |
|---|---|---|
| Type of Appliance: | Vacuum | Air Purifier |
| Intended to Clean: | Floor surfaces | Air |
| Primary Function of Appliance: | Remove dirt and debris from flooring | Remove airborne particulate, neutralize odors and recirculate air |
| Germ-Killing Technology: | UV-C light chamber | Electrostatic precipitation in Truman Cell™ |
| How Germs Are Killed: | Exposure of UV-C light to germs on flooring surface | Airborne germs circulate into body of air purifier and captured within Truman Cell™ |
| Purchased By: | Ruscitti (Illinois)<br>Chenier (California)<br>Yosri (Utah) | Stiepleman (Florida)<br>Paragin (Ohio)<br>Gonzalez (New |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| | | |
|---|---|---|
| | Latta (California)<br>Paragin (Ohio)<br>Edge (California) | York) |

The Panel ordered transfer of the three non-California actions to the Central District of California on February 3, 2012. Although it chose to consolidate the cases into a single MDL, in recognition of the significant differences and lack of common technology between the two product lines, the Panel recommended that "the transferee judge may account, at her discretion, for differences among the actions through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice." (*See* Declaration of Behram V. Parekh in Support of Motion for Appointment ("Parekh Decl."), Ex. B [Transfer Order] at p. 2.)

Although the *Stiepleman* counsel were appointed as Interim Class Counsel for the air purifier purchasers in November 2011, it was not until after the MDL ruling and as the matters were scheduled for mediation (April 9-10) that the very same forum-shopping counsel filed the present Motion, improperly requesting appointment as interim class counsel for all products and once again misrepresenting a host of issues. The Motion should be denied in its entirety as unnecessary and improper.

## III. LEGAL DISCUSSION

### A. Appointment Of Interim Counsel To Concurrently Represent Both Halo And Air Purifier Purchasers Is Improper

Appointment of interim class counsel to represent ***both*** Halo and air purifier putative classes – as requested in Plaintiffs' Motion – is wholly improper. The question of whether the Halo and air purifier putative classes should be combined or separated has not yet been decided, and as detailed below, the two classes of purchasers of unrelated products that use different technology should be kept separate. Moreover, simultaneous representation of both Halo and air purifier putative classes by the same counsel would present irreconcilable conflicts of interest and should be

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

avoided. Plaintiffs' reliance on factual inaccuracies and red-herring arguments in an effort to convince this Court otherwise must be rejected.

1. The Classes Of Purchasers Of Two Unrelated Products That Use Entirely Different Technology Should Be Kept Separate

Despite the misleading and inaccurate contentions in Plaintiffs' Motion, neither this Court nor the Panel has yet decided whether the combination of the Halo and air purifier putative classes is proper and serves the interests of the putative class members. This Court never adopted its tentative ruling on the motions to strike and dismiss in the *Chenier* and *Latta* cases, despite Plaintiffs' revisionist statement of procedural events, and the Court's views in that regard may change now that there are cases in this venue by actual purchasers of the air purifier. Plaintiffs have further distorted reality by claiming that the Panel decided separation of the two putative classes was improper, while in fact the Panel ***expressly reserved*** the determination of that issue to this Court. (*See* Parekh Decl., Ex. B at p. 2.) For the reasons detailed below, "combining" the two classes is improper.

a. *Plaintiffs' Argument That The Two Different Products Should Be In A Single Class Relies On Unsupported Factual Inaccuracies And Red-Herrings*

Plaintiffs' Motion is full of factual inaccuracies and red-herring arguments that appear motivated by the prospect of improperly securing appointment as interim counsel for ***both*** Halo and air purifier putative classes and prematurely securing a ruling against the separation of the classes.

Most egregiously, ***before conducting any discovery on the issue***, Plaintiffs mistakenly assert that the vacuum and air purifiers were "often" advertised together. However, as Oreck has repeatedly asserted, there was a single short-lived campaign that featured the products side by side, to which none of these plaintiffs even responded apparently. That "Flu Fighter" ad ran intermittently during a short period – between November 2009 and March 2010. (*See* Jenkins Decl., ¶ 3.) Because

"cooperating counsel" brought this motion without having conducted any discovery, their representations to the Court on that issue are completely unsupported.

Further undermining this inaccurate assertion, other than the "Flu Fighter" ad, all other advertising that cooperating counsel attach to their complaint such as the infomercial scripts for each product, make no mention of the other product, nor is there anything on the packaging or contained in the User's Guides that refer to the other product. Thus, at best, Plaintiffs rely upon ***one*** brief advertising campaign where the products were shown together. One single cross-over advertising campaign showing the products side-by-side does not justify lumping the claims of purchasers of two entirely different products into a single putative class.

In a further desperate attempt to convince this Court that the vacuum and air purifier classes should be "combined," Plaintiffs resort to smoke and mirrors by pointing to the fact that the FTC complaint and consent agreement included both products. However, the FTC is an administrative agency that functions entirely differently than a class action court proceeding under Rule 23, and the FTC does not concern itself with questions of class member commonality or typicality, or conflicts of interest among classes of purchasers. Simply stated, the actions of the FTC have no bearing on the conduct of class action proceedings. Thus, the fact that the FTC chose not to separate the products is wholly irrelevant to whether sound judicial administration dictates in favor of separation of the vacuum and air purifier classes by this Court. Plaintiffs' argument in this regard is nothing more than a red-herring.

Consequently, as the request to have both putative classes represented by the same counsel is based on Plaintiffs' unsupported, inaccurate factual assertions littered throughout their Motion, it should be rejected.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

b. *The Classes Of Purchasers Should Be Kept Separate For The Purpose Of Sound Judicial Administration*

Sound judicial administration requires a finding that the claims by purchasers of two unrelated products that use entirely different technology be separated within the MDL. Separation of the Halo and air purifier putative classes is appropriate for the following reasons:

- The vacuums and air purifiers are based on entirely different technologies;
- The germ-killing performance of each product line – which appears to be the sole overlapping area of dispute as to the two lines of products – exists as a result of vastly different technologies embodied in each product (UV-C light chamber for the vacuum; electrostatic precipitation and filtration in the air purifier);
- There is not a single test methodology in common with the two products in terms of evaluating the performance of the product;
- Engineering of the two products is supported by two separate teams within Oreck and thus involve different documents and different witnesses;
- Marketing of the two products is directed by separate teams within Oreck and thus involve different documents and different witnesses;
- Combining the two products invites confusion between the two technologies, the two classes of purchasers, and the burden of proof as to the claims alleged as each product line;
- The "overlap" in the *Chenier/Yosri* proposed putative class is a legal fiction because neither plaintiff actually purchased an Oreck air purifier;
- The "overlap" in the *Edge/Gonzalez* proposed putative class is fabricated because Ms. Edge bought the vacuum and Ms. Gonzales bought air purifiers; there was no reason for their claims to be brought in a single action other than counsels' attempt to create a California "combination" case;

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

- Mr. Paragin is the ***only*** named Plaintiff to have purchased both products; a single "cross-over" plaintiff does not justify the combining of the product classes.[3]

Based on the above, there are nothing but inefficiencies to be gained from the consolidation of both classes' claims into a single putative class.

Having both the Halo and air purifier products claims in the same "combined" putative class would actually complicate rather than streamline any efficiencies that are otherwise being achieved by coordinated treatment. The issues to be determined with respect to the Halo claims are whether germs/bacteria/viruses are killed upon exposure to the UV-C light chamber in the head of the vacuum as the consumer vacuums and at what rate. In contrast, the air purifier claims will depend on the removal of airborne particulate (including allergens and airborne germs) by an electrostatic precipitator mechanism that has nothing in common with the UV-C chamber in the Halo. Moreover, the documents and witnesses with information relevant to the claims are largely different.

Simply stated, the combination of these two very different products with different technologies into a single putative class would be an inefficient use of judicial resources and could only serve to increase consumption of time and resources while giving rise to chaos and confusion. This Court should thus separate the claims of purchasers of those products, as was left to its discretion by the Panel.

"Cooperating counsel" are circumventing a complete and thorough exploration of this important issue by their present Motion, which motion they are seeking to have heard before the mediation set for April 9-10, 2012. However, as set forth in more detail below, there is no need to make this determination in advance of the mediation,

---

[3] Despite the fact that Plaintiffs' counsel boasts they "have been contacted by over 125 purchasers of all the Oreck products involved in this case who can potentially act as additional class representatives," they have ***still*** failed to identify a single other "cross-over" plaintiff that purchased both products. (*See* Motion for Appointment ("Motion"), p. 10, n.8.)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

as Interim Counsel is already appointed for the putative air purifier class (over Oreck's objection) and there is no "competition" to represent the putative Halo class. Consequently, there is no reason to make a hasty determination of whether the two product class can be represented by the same counsel, which would require a more exacting analysis than can be permitted under the present circumstances.[4]

2. There Is A Conflict Of Interest In Representing Both Halo and Air Purifier Classes

There is also a real concern that conflicts exist between the two putative classes of purchasers and therefore, especially in approaching settlement discussions, both putative classes should ***not*** be represented by the same counsel. *See Kayes*, 51 F.3d at 1465. Indeed, the failure to separate the Halo and air purifier claims and appointment of a single interim class counsel would create irreconcilable conflicts of interest with counsel seeking to simultaneously represent two distinct classes of purchasers with competing claims.

There are cognizable differences between the two classes that give rise to conflicts of interest issues. Just in terms of sheer size, the Oreck Halo class is necessarily limited to purchasers for the short two (2) years the vacuum was sold by Oreck, while the air purifier allegations ostensibly reach back for the entirety of the applicable statute of limitations due to the inclusion of predecessor models of air purifiers, not just the ProShield Plus model that was the subject of the FTC's administrative inquiry. Furthermore, not only is the putative air purifier class three times larger in size due because it has been on the market three times longer, it is also potentially exponentially larger because it ostensibly includes three air purifier

[4] For example, Oreck has not yet deposed any of the clients of the "cooperating counsel" to document the lack of cross-over in these client's claims and lack of exposure to the Flu Fighter campaign, nor has there been any written discovery in the five cases on these issues. As a result, the Court is being asked to make this appointment and impliedly determine the appropriateness of combining the two groups under the representation of joint counsel in the absence of such evidence.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

products rather than one vacuum. This raises the ugly question of whether all of the jockeying for position – as reflected by the underlying motion for appointment as interim counsel, as well as in the forum shopping efforts detailed below – is possibly driven by the inequality in class sizes (and corresponding claim for damages). The inequalities could also explain why the group that had initially filed three Halo-only cases (*Ruscitti, Chenier/Yosri* and *Latta*) are now seeking to single-handedly represent a "combined" class without acknowledging the potential conflict, while excluding counsel for the only "air purifier" case (*Stiepleman*) who have consistently pointed out such conflicts.

Based on these differences and inequities, it is clear that the interests of one class (either Halo or air purifier) could have an adverse effect on the interests of the other class. Such conflicts of interests would potentially affect the litigation strategy of a single counsel seeking to simultaneously represent both classes, and thus disqualify such counsel. *See, e.g., Ortiz v. Fibreboard Corp*., 527 U.S. 815, 856 (1999) ("an attorney who represents another class against the same defendant may not serve as class counsel"); *Kuper v. Quantum Chemical Corp*., 145 F.R.D. 80, 83 (S.D. Ohio 1992) (denying class certification because class counsel was simultaneously representing two classes in suits against the same defendant); *see also Fiandaca v. Cunningham,* 827 F.2d 825, 828-30 (1st Cir. 1987) (reversing district court's decision to permit class counsel to represent two different classes simultaneously against the same defendant because an unresolvable conflict of interest existed among the classes); *Krim v. PCOrder.com, Inc.,* 210 F.R.D. 581, 590 (W.D. Tex. 2002) (finding dual representation of two competing classes by one lawyer to be irreconcilable despite that fact that defendants were "solvent"); *Moore v. Margiotta,* 581 F. Supp. 649, 653 (E.D.N.Y. 1984) (concluding that dual representation of two classes by one lawyer was irreconcilable with the duty of loyalty because "[t]he mere risk of compromising professional judgment, tactics, and pursuit of the two groups' interests is enough to cast the joint representation in a dubious light").

Moreover, because of the existence of such conflicts, appointment of interim counsel at this time – on the eve of mediation – would be imprudent as it could mislead putative class members. The appointment of interim class counsel does not predetermine the question of whether a class should be certified at all; it is an interim appointment that a court may make under certain circumstances before the court has even considered the legal sufficiency or appropriateness of a class action lawsuit under Rule 23. *See* Fed. R. Civ. Pro. 23(g)(2)(A). Nonetheless, the appointment of interim class counsel could mislead or confuse putative class members about the status of this case, about whether they are free to consult other counsel, whether the class has been certified and whether they should individually pursue any claims that they believe they may have. This is especially true considering the conflict between the Halo and air purifier classes.

### B. Appointment Of Interim Counsel For Halo Purchasers Is Unnecessary

In addition to relying on a host of factual inaccuracies motivated by the desire to improperly secure appointment as interim counsel for both Halo and air purifier putative classes, Plaintiffs' Motion also conveniently ignores that interim counsel has already been appointed to represent the putative class of Oreck air purifier purchasers.[5] While no court has yet appointed interim counsel to represent the putative class of Halo vacuum purchasers, appointment of interim counsel for the Halo putative class is wholly unnecessary. Indeed, under the Federal Rules, there is no need to appoint interim counsel for the Halo class in the absence of a conflict among counsel. As the underlying Motion confirms that no such conflict exists here –

[5] Judge William Dimitrouleas appointed *Stiepleman*'s counsel as Co-Lead Interim Counsel to represent the class of air purifier purchasers on November 2, 2011, prior to consolidation of the actions for MDL treatment in this District. (*See* Jenkins Decl., ¶ 6, Ex. C [Order Appointing Interim Co-Lead Counsel].) At no time did any of the "cooperating counsel" make an appearance in that case or oppose that appointment. (*See id.*)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

counsel for all Halo Plaintiffs have agreed among themselves that Behram Parekh of Kirtland & Packard LLP will speak for the group – the Motion should be denied.

1. Appointment Of Interim Class Counsel Is Only Warranted In Limited Circumstances, None Of Which Exist Here

Federal Rule of Civil Procedure, Rule 23 governs the appointment of interim class counsel and provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. Pro. 23(g)(2)(A). In determining whether and when to appoint interim class counsel, courts consult the Advisory Committee Notes to the 2003 amendments to Rule 23(g). *Id.,* advisory committee's note (2003) (amended 2007).[6] The Advisory Committee Notes explain that an interim appointment is appropriate "if ***necessary*** to protect the interests of the putative class" in cases where rivalry or uncertainty exists. *Id.* (emphasis added). In addition, counsel must be free of conflicts of interest that may arise from their involvement in multiple lawsuits for the named representative or against the same Defendant. *See Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) ("The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.").

Thus, as a general rule, the "type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) (denying motion to appoint interim class counsel where no "special circumstances" required appointment). Appointment of interim class counsel can be appropriate "when it is apparent fairly

[6] As a result of the 2007 amendments to the Federal Rules of Civil Procedure, Rule 23(g)(2)(A) concerning the appointment of interim counsel has been renumbered to Rule 23(g)(3); the substance of the Rule, however, remains unchanged.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

early in the proceedings that there will be ***substantial competition*** for the position of class counsel . . . ." 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.121 (3d. ed. 2007) (emphasis added). If such rivalry exists, uncertainty may arise with respect to which attorney or firm is empowered to make or respond to motions on behalf of the putative class. However, in the absence of such rivalry among competing law firms to represent the putative class, appointment of interim is not appropriate. *See In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (denying motion for appointment of interim class counsel where, inter alia, there was "no rivalry among competing law firms to represent the putative class."); *see also* Fed. R. Civ. Pro. 23(g)(2)(A), advisory committee's note (2003) (amended 2007). As a result, the majority of cases do not call for the appointment of an interim class counsel. MOORE'S FEDERAL PRACTICE § 23.121.

2. Appointment Of Interim Counsel To Represent The Halo Class Is Unnecessary Because Of The Absence Of A Conflict Or Rivalry

The threshold inquiry under Rule 23(g)(3) is whether appointment of interim counsel is ***necessary*** to protect the interests of the class. The appointment of interim counsel is not necessary here because there is ***no conflict*** between attorneys seeking to represent Halo purchasers. Accordingly, the Motion should be denied.

Plaintiffs have utterly failed to show it is necessary to appoint interim counsel to protect the interests of the Halo putative class. Rather, the Motion filed by "cooperating counsel" demonstrates that it is entirely ***unnecessary*** to appoint interim counsel for Halo purchasers. Indeed, the underlying Motion confirms that counsel for all of the Plaintiffs seeking to represent a putative class of Halo vacuum purchasers have internally agreed that Mr. Parekh will act as the liaison for that group of plaintiffs. As a result, there is no rivalry among attorneys for Halo purchasers warranting appointment of interim counsel. Moreover, as to any vacuum claims, there is no confusion as to with whom Oreck should be directing its communications.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Plaintiffs' contention that "[a] singular authoritative voice is necessary in order to achieve the best results for the putative class, provide Defendants with surety in their dealings, and avoid any possibility of a reverse auction" thus lacks any merit. (*See* Motion, p. 11.) There is simply no need for appointment of interim counsel to represent the Halo putative class.

**C. The Moving Attorneys Are Likely Unsuitable To Serve As Class Counsel**

Apart from the conflicts issues raised above, the blatant forum shopping and other disingenuous conduct on the part of the group of attorneys that now refer to themselves as "cooperating counsel" renders the moving attorneys ineligible as class counsel. The present Motion represents nothing other than the very pinnacle of the unabashed forum shopping that began in this District and continued through the MDL proceedings, and should be treated accordingly.

1. <u>The Actions Of The "Cooperating Counsel" Have Constituted Blatant Forum Shopping</u>

There can be no question that the actions of the consortium of plaintiffs' counsel presently seeking to be appointed interim class counsel for both Halo and air purifier classes have constituted impermissible forum shopping.

In the context of multidistrict litigation, forum shopping has been described as the situation existing where plaintiffs "see a storm brewing in the first court [and] try to weigh anchor and set sail for the hopefully more favorable waters of another district.'" *Steward v. Dow Corning Corp*., No. 92-1105-K, 1992 WL 75195 at *1-3 (D. Kan. Mar. 13, 1992) (denying leave to amend the complaint where plaintiffs' counsel was engaged in forum shopping by filing several virtually identical complaints with different plaintiffs against the same defendant all arising out of the same incident, proceeded to dismiss all except for one, and sought to add the other plaintiffs to that complaint, stating that such actions were a "flagrant abuse of process"); *see also Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

360 n.4 (2d Cir. 1985). In other words, forum shopping occurs "when a litigant discontinues a fray, only to start over again on another day." *Steward*, 1992 WL 75195 at *1.

The initial plan envisioned by plaintiffs' counsel – the same counsel re-filing in this District and dismissing in their current jurisdictions – undoubtedly constitutes forum shopping. Indeed, a textbook case of impermissible occurs when a plaintiff voluntarily dismisses a case and proceeds to re-file the same claims in different court or in front of a different judge. *See e.g. Alvarado v. Bank of Am.*, Civ. S-08-2862 LKK/DAD, 2009 WL 720875 (E.D. Cal. 2009) (transferring action back to the Northern District of California where it was originally filed based on a finding that the plaintiff's actions of voluntarily dismissing the case two days after it was reassigned to a different judge and re-filing in the Eastern District constituted strong circumstantial evidence of forum shopping); see *also Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 73 (D.P.R. 2004) (plaintiffs engaged in forum shopping by voluntarily dismissing and refilling the same case); *McDermott v. Toyota Motor Sales Co., Ltd.*, 487 F. Supp. 484, 486 (E.D. Tenn. 1980) (same).

Upon not receiving a favorable reception to their *ex parte* applications outlining their dismissal and re-filing plan, the consortium of plaintiffs turned to the exact tactic found to be abusive in *Steward v. Dow Corning Corp., i.e.*, filing an entirely new complaint with new clients that would compete with their existing cases simply to achieve some sort of maximum leverage in their desired forum. However, such improper maneuvers also constitute forum shopping. *See e.g. Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 564 (E.D. Mo. 2006) (awarding fees under Rule 41(d) for forum shopping and stating that where "the record shows that Plaintiffs have filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in this case," "the record provides ample evidence that Plaintiffs are forum shopping"); *Steward*, 1992 WL 75195 at *1 (forum shopping "includes those situations where counsel files multiple

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

petitions, dismissing those assigned to a judge likely to render an unfavorable determination on the merits"); *see also Banga v. First USA, NA*, No. CIV-09-2268 FCD GGH PS, 2010 WL 727749, at *2 (E.D. Cal. Mar. 2, 2010) ("The interests of justice therefore require that plaintiff not be rewarded for such efforts to avoid unfavorable rulings. . . . [P]laintiff cannot voluntarily dismiss a defendant without prejudice in order to bring the action in another forum in order to avoid having the claim heard by the same judge who originally made a decision adverse to plaintiff.").

There is no reason other than forum shopping to explain first the proposed dismissal of the Illinois and Ohio actions and re-filing of the actions in California, and the filing of Ms. Edge's and Ms. Gonzalez's claims in a new action in this District rather than joining their counsel's existing cases in the originally-filed jurisdictions. The apparent impropriety of such maneuvers is enhanced by the fact that, at the time that each Ms. Edge and Ms. Gonzalez were first identified as clients, the *Ruscitti* and *Paragin* complaints could easily have been amended to join the later-filed plaintiffs in those pending actions without leave of court. *See* Fed. R. Civ. P. 15(a)(1)(A).

The same consortium of plaintiffs' counsel now seek to "take the prize" for their forum shopping efforts by being appointed interim lead counsel and dictating the entire "leadership structure" in such a way as to reward each attorney that has participated in the coordinated scheme since its inception. This Court previously impliedly rejected the forum shopping efforts of these very attorneys, and the success at having the MDL cases moved to California does not render their maneuvers any less objectionable.

2. <u>Appointing Any Of The "Cooperating Counsel" As Interim Class Counsel Would Reward Forum Shopping And The Filing Of Duplicative, Copycat Actions</u>

As indicated above, throughout the proceedings the moving attorneys have engaged in blatant forum shopping maneuvers to a shameless degree, as well as literally jumped on the coattails of the firms that filed the *Stiepleman* action such that

the sixth filed *Edge/Gonzalez* complaint – filed by the very same firm, Kirtland & Packard LLP, that now seeks to be appointed as lead interim class counsel – plagiarizes entire sections of the *Stiepleman* complaint. Indeed, the fact that entire sections of the *Edge/Gonzalez* complaint are plagiarized (both verbiage and exhibits) from the *Stiepleman* complaint undermines the assertion by "cooperating counsel" that they are "best suited" to manage the litigation because they have worked to identify and conducted an "independent investigation" of the claims at issue, including air purifier claims. (*See* Motion, p. 11.) This conduct has created an untenable situation where to grant their motion and appoint these attorneys as interim class counsel would reward copycat, duplicative filings that should be strongly discouraged.

For this reason, the self-pronounced "cooperating counsel" should be found ineligible to serve as class counsel, and the present request should be disregarded because to grant that request would unfortunately lead to the further entrenchment of such tactics within the class action field. Thus, it is necessary and warranted that the Court deem such attorneys ineligible to serve as interim class counsel and deny the request for appointment.

## IV. CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: March 5, 2012 WINSTON & STRAWN LLP

By: /s/ Gayle I. Jenkins
David L. Aronoff
Gayle I. Jenkins
Katherine B. Winston
Attorneys for Defendants
ORECK CORPORATION, ORECK DIRECT, LLC, ORECK HOLDINGS, LLC, ORECK HOMECARE, LLC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543