David L. Aronoff (SBN: 152606)
daronoff@winston.com
Gayle I. Jenkins (SBN: 168962)
gjenkins@winston.com
Katherine B. Winston (SBN: 272159)
kbwinston@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendants,
ORECK CORPORATION,
ORECK DIRECT, LLC, AND
ORECK HOMECARE, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | Case No. 2:12-ml-02317 CAS (JEM) [MDL No. 2317] |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ORECK CORPORATION, ORECK DIRECT, LLC, AND ORECK HOMECARE, LLC'S MOTION TO DISMISS PORTIONS OF FIRST AMENDED CONSOLIDATED COMPLAINT** |
| | [(1) Notice of Motion and Motion to Dismiss, (2) Declaration of Gayle I. Jenkins and (3) [Proposed] Order Granting Motion to Dismiss Filed Concurrently Herewith] |
| | Date:  December 3, 2012 Time:  10:00 A.M. Courtroom:  5 (Los Angeles) Before:  Hon. Christina A. Snyder |

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................... 1

    A.   Background ................................................................................ 1

    B.   The Consolidated Complaints ................................................... 1

    C.   Claims Subject To Dismissal With Prejudice ........................... 2

    D.   Claims Subject To Dismissal Without Prejudice ...................... 3

II.   LEGAL STANDARD ............................................................................ 3

    A.   Rule 12(b)(1) ............................................................................ 3

    B.   Rule 12(b)(6) ............................................................................ 3

    C.   Rule 9(b) ................................................................................... 4

III.   LEGAL DISCUSSION ........................................................................ 4

    A.   Counts I-III Cannot Be Brought On Behalf Of A Nationwide Class And Are Subject To Dismissal With Prejudice ............................ 4

        1.   COUNT I – Magnuson-Moss Federal Warranty Trade Act ........ 4

        2.   COUNT II – Breach Of Express Warranties ............................... 5

            a.   Count II Fails The Most Basic Pleading Requirement ...................................................................... 5

            a.   Plaintiffs Lack Standing To Assert Express Warranty Claims On Behalf Of A Nationwide Class ........................................................................................ 6

        3.   COUNT III – Breach Of The Implied Warranty Of Merchantability ...................................................................... 8

            a.   Plaintiffs Lack Standing To Assert Implied Warranty Claims On Behalf Of An Uncertain Nationwide Subclass ...................................................... 8

            b.   Count III Improperly Conflates Two Distinct Types Of Implied Warranties ........................................... 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Case No. 2:12-ml-02317 CAS (JEM)
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FACC

B.  Plaintiff Yosri's Counts X-XI Are Fatally Defective And Subject To Dismissal With Prejudice ................................... 10

    1.  COUNT X – Violation Of Utah's Consumer Sales Practices Act ................................................................... 10

        a.  Plaintiff Yosri Lacks Standing To Bring A Class Claim ................................................................... 10

        b.  Count X Improperly Evades The Intent Requirement ................................................................... 11

        c.  The Allegations Do Not Rise To "Unconscionable" ................................................................... 12

    2.  COUNT XI – Violation Of Utah's Truth In Advertising Act .... 13

C.  Plaintiff Paragin's Counts XIV-XVII Are Similarly Defective And Subject To Dismissal With Prejudice ........................................... 14

    1.  COUNT XIV – Violation Of Ohio's Consumer Sales Practices Act ................................................................... 14

    2.  COUNT XV – Violation Of Ohio's Deceptive Trade Practices Act ................................................................... 16

    3.  COUNT XVI – Tortious Breach Of Warranty ........................... 16

    4.  COUNT XVII –  Fraudulent Misrepresentation And Concealment ................................................................... 17

        a.  The Fraudulent Misrepresentation Allegation Fail To Meet Rule 9(b) ................................................................... 17

        b.  Count XVII Fails To Allege Fraud Based On Concealment ................................................................... 18

D.  Plaintiffs' Counts IV, V, VII, VIII, IX, XII And XIII Are Subject To Dismissal Without Prejudice For Failure To Meet Rule 9(b) ................................................................... 19

    1.  Plaintiffs' State Consumer Protection Claims Must Be Pled With Particularity Under Rule 9(b) ........................................... 19

    2.  Plaintiffs' Consumer Protection Claims Are Universally Defective In Failing To Satisfy Rule 9(b) ................................ 21

IV.  CONCLUSION ................................................................... 25

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Anderson v. Farmers Hybrid Cos.*,
408 N.E.2d 1194 (Ill. App. Ct. 1980) .................................................................10

*Arlington Video Prods., Inc. v. Fifth Third Bancorp*,
No. 2:08-cv-122, 2008 WL 1990355 (S.D. Ohio May 1, 2008) .......................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................4, 18

*Bailey v. Monaco Coach Corp.*,
168 Fed. Appx. 893 (11th Cir. 2006) ...................................................................5

*Barbara's Sales, Inc. v. Intel Corp.*,
879 N.E.2d 910 (Ill. 2007)..................................................................................21

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................4, 6, 9, 18

*Birdsong v. Apple, Inc.*,
No. C 06-02280 JW, 2008 WL 7359917 (N.D. Cal. 2008), *aff'd*, 590 F.3d
955 (9th Cir. 2009) ................................................................................................5

*Boroff v. Alza Corp.*,
685 F. Supp. 2d 704 (N.D. Ohio 2010) .............................................................17

*Bower v. IBM Bus. Machs., Inc.*,
495 F. Supp. 2d 837 (S.D. Ohio 2004) .......................................................15, 16

*Cassidy v. W. Marine Prods., Inc.*,
No. 1:05 CV 2223, 2007 U.S. Dist. LEXIS 45131 (N.D. Ohio June 20,
2007) ....................................................................................................................15

*Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*,
537 N.E.2d 624 (Ohio 1989) ..............................................................................17

*Coffey v. Foamex L.P.*,
2 F.3d 157 (6th Cir. 1993) ..................................................................................14

*Cornelius v. Fidelity Nat'l Title Co.*,
No. C08-754 MJP, 2009 WL 596585 (W.D. Wash. Mar. 9, 2009) ................8, 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Cunningham v. Fleetwood Homes of Ga.*,
253 F.3d 611 (11th Cir. 2001) ............................................................................5

*Demorato v. Carver Boat Corps.*,
Civ. No. 06-240, 2007 WL 1456207 (D.N.J. May 16, 2007) ............................5

*Faralli v. Hair Today, Gone Tomorrow*,
No. 1:06-CV-504, 2007 WL 120664 (N.D. Ohio Jan. 10, 2007)......................15

*Fed. Mgt. Co. v. Coopers & Lybrand*,
738 N.E.2d 842 (Ohio Ct. App. 2000) .............................................................18

*Fla. Digital Network v. N. Telecom. Inc.*,
No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163 (M.D. Fla. Aug. 30, 2006) .20

*Franulovic v. Coca Cola Co.*
Nos. 07-539 (RMB) & 07-828(RMB), 2007 WL 3166953 (D.N.J. Oct. 25, 2007) ...............................................................................................................10

*Granfield v. NVIDIA Corp.*,
No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)............7, 8, 9

*Hoffer v. Cooper Wiring Devices, Inc.*,
No. 1:06CV763, 2007 WL 1725317 (N.D. Ohio June 13, 2007) ...............16, 17

*In re Apple & AT & TM Antitrust Litig.*,
596 F. Supp. 2d 1288 (N.D. Cal. 2008)..............................................................7

*In re Flash Memory Antitrust Litig.*,
643 F. Supp. 2d 1133 (N.D. Cal. 2009)..............................................................7

*In re Flonase Antitrust Litig.*,
610 F. Supp. 2d 409 (E.D. Pa. 2009)...............................................................8, 9

*In re Ford Motor Co. Ignition Switch Products Liab. Litig.*,
19 F. Supp. 2d 263 (D.N.J. 1998)......................................................................5

*In re Graphics Processing Units Antitrust Litig.*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007)........................................................7, 8, 9

*Indus. Hard Chrome Ltd. v. Hetran, Inc.*,
64 F. Supp. 2d 741 (N.D. Ill. 1999)....................................................................9

*Janda v. T-Mobile, USA, Inc.*,
No. C 05-03729, 2008 WL 4847116 (N.D. Cal. Nov. 7, 2008)........................20

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................... 19, 20

*Kee v. R-G Crown Bank*,
   656 F. Supp. 2d 1348 (D. Utah 2009) ........................................... 11, 12

*Kost v. Kozakiewicz*,
   1 F.3d 176 (3d Cir. 1993) ................................................................ 6, 9

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................. 3

*MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd*,
   715 F. Supp. 2d 786 (N.D. Ill. 2010) ................................................. 21

*Maloney v. Verizon Internet Servs. Inc.*,
   413 Fed. Appx. 997 (9th Cir. 2010) ................................................... 22

*Marrone v. Philip Morris USA, Inc.*,
   850 N.E.2d 31 (Ohio 2006) ......................................................... 14, 15

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ..................................................... 6, 7, 9

*McGarvey v. Penske Auto. Group, Inc.*,
   639 F. Supp. 2d 450 (D.N.J. 2009) .................................................. 6, 9

*Miller v. Corinthian Colleges, Inc.*,
   769 F. Supp. 2d 1336 (D. Utah 2011) ............................................... 11

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) .............................................................. 4

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ............................................................. 4

*Ozbakir v. Scotti*,
   No. 09-6460, 2011 WL 477039 (W.D.N.Y. Feb. 10, 2011) ............... 20

*Pavlovich v. Nat'l City Bank*,
   435 F.3d 560 (6th Cir. 2006) ............................................................ 16

*Pelman v. McDonald's Corp.*,
   237 F. Supp. 2d 512 (S.D.N.Y. 2003) ............................................... 20

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ................................................................................. 8

*Picker Int'l v. Mayo Found.*,
   6 F. Supp. 2d 685 (N.D. Ohio 1998) ...................................................... 17

*Reed v. AFNI, Inc.*,
   No. 2:09-CV-459 TS, 2011 WL 112430 (D. Utah Jan. 13, 2011) .................. 11

*Robert J. DeBry & Assoc., P.C. v. OWest Dex, Inc.*, No. 1:03CV0099, 2004 WL
   5400798 (D. Utah Mar. 5, 2004) ............................................................ 14

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*,
   806 F.2d 1393 (9th Cir. 1986) ................................................................. 4

*St. Clair v. Kroger Co.*,
   581 F. Supp. 2d 896 (N.D. Ohio 2008) ................................................... 16

*Stickrath v. Globalstar, Inc.*,
   527 F. Supp. 2d 992 (N.D. Cal. 2007) .................................................... 20

*Stires v. Carnival Corp.*,
   243 F. Supp. 2d 1313 (M.D. Fla. 2002) .................................................. 20

*Suarez v. Playtex Prods., Inc.*,
   Nos. 08-C-2703 & 08-C-3352, 2009 WL 2212315 (N.D. Ill. July 24, 2009) .. 8, 9

*Temple v. Wean United, Inc.*,
   364 N.E.2d 267 (Ohio 1977) ................................................................. 16

*Thornton v. State Farm Mut. Auto Ins. Co.*,
   No. 1:06-cv-00018, 2006 WL 3359448 (N.D. Ohio Nov. 17, 2006) ............... 16

*Tomek v. Apple, Inc.*,
   No. 2:11-cv-02700-MCE-DAD, 2012 WL 2857035 (E.D. Cal. July 11,
   2012) ................................................................................................ 22

*Tuckish v. Pompano Motor Co.*,
   337 F. Supp. 2d 1313 (S.D. Fla. 2004) ................................................... 20

*Van Slyke v. Capital One Bank*,
   No. C 07-00671 WHA, 2007 WL 3343943 (N.D. Cal. Nov. 7, 2007) ............. 4

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................... 19

*Vicom. Inc. v. Harbridge Merch. Servs., Inc.*,
  20 F.3d 771 (7th Cir. 1994) ................................................................................21

*Warth v. Seldin*,
  422 U.S. 490 (1975) ...........................................................................................3

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2002) .............................................................................3

*Wiegel v. Stork Craft Mft.*, No. 09 C 7417, 2010 WL 3894386 (N.D. Ill. June
  10, 2010) ..........................................................................................................10

*Wilson v. Daiene*,
  699 F. Supp. 2d 534 (E.D.N.Y. 2010) ...............................................................20

*Wilson v. Massey-Ferguson, Inc.*,
  315 N.E.2d 580 (Ill. App. Ct. 1974) ...................................................................10

*Woodhaven Apartments v. Washington*,
  942 P.2d 918 (Utah 1997) ..............................................................................12, 13

*Wright v. Gen. Mills*,
  No. 08cv1532(NLS), 2009 WL 3247148 (S.D. Cal. Sept. 30, 2009) .................4

*Yuhasz v. Brush Wellman, Inc.*,
  181 F. Supp. 2d 785 (N.D. Ohio 2001) ..............................................................14


STATUTES

Fed. R. Civ. P. 8 .............................................................................................4, 13, 18

Fed. R. Civ. P. 9(b) .............................................................................................passim

Fed. R. Civ. P. 12(b)(1) ............................................................................................3

Fed. R. Civ. P. 12(b)(6) ............................................................................................4

Fed. R. Civ. P. 56 ...................................................................................................23

Uniform Commercial Code § 2-315, cmt. 2 ...........................................................10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

    A.     **Background**

        Beginning in May of 2011, Defendants Oreck Corporation, Oreck Direct, LLC, and Oreck Holdings, LLC (collectively, "Defendants") were sued in a series of putative consumer class actions, in reaction to the announcement of a resolution of the nonpublic administrative inquiry by the FTC concerning the substantiation of certain limited advertising claims involving Oreck's Halo vacuum and ProShield Plus air purifier.

        Although the FTC resolution included a settlement agreement affirmatively acknowledging that Oreck did not admit any wrongdoing – and without the FTC or Plaintiffs providing any actual testing of any of the products that suggests that the products do not work as advertised – Plaintiffs brought six class actions lacking substance and in some instances, literally parroting the unfiled, unproven allegations of the FTC.  Those six actions, originally pending in four different jurisdictions, were centralized by the Judicial Panel on Multidistrict Litigation and transferred to this Court in February of 2012.  In April of 2012, this Court consolidated those six cases for pre-trial purposes, and subsequently named Kirtland & Packard as lead Interim Class Counsel.

        By this Motion, Defendants seek to dismiss nine (9) claims with prejudice and seven (7) claims without prejudice.

    B.     **The Consolidated Complaints**

        The First Amended Consolidated Complaint ("FACC"), which is the subject of the present Motion, was filed on September 7, 2012.  While not as alarmingly deficient as Plaintiffs' initial Consolidated Complaint, the FACC continues to improperly extend certain claims to all Defendants assert claims on behalf of nationwide classes for which Plaintiffs lack standing.  Plaintiffs have now been afforded multiple opportunities to amend their various claims and to cure the pleading deficiencies in each of those claims.  The Court should grant the motion as follows: Counts I, II, III, X, XI, XIV, XV, XVI and XVII should be dismissed ***with*** prejudice;

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

and Counts IV, V, VII, VIII, IX, XII, and XIII should be dismissed *without* prejudice.

## C. Claims Subject To Dismissal <u>With Prejudice</u>

<u>COUNTS I-III</u>:  Plaintiffs' "nationwide" breach of warranty claims against Defendant Oreck Corporation, which fail to meet even the most basic pleading requirements, are subject to dismissal with prejudice.  Despite the unambiguous legal authority that bars them from having standing to assert nationwide claims on behalf of purchasers of states other than the one in which they reside, the named Plaintiffs – residents of a combined total of only *six* states (California, New York, Utah, Florida, Illinois and Ohio) – apparently seek to invoke the warranty laws of *all 50 states* on behalf of a *nationwide class* of consumers.  These "nationwide" claims are thus subject to dismissal, and any leave to amend should be limited to permitting Plaintiffs to re-state claims on behalf of individual subclasses of purchasers of their six respective states.

<u>COUNTS X-XI</u>:  Plaintiff Yosri's Utah state law claims, purportedly brought on behalf of the Utah subclass against all Defendants, are both subject to dismissal with prejudice.  Count X is fatally defective for two reasons: (1) Plaintiff Yosri cannot plead the requisite notice to have standing to bring class claims under the Utah Consumer Sales Practices; and (2) he has admitted that Defendants did not have the requisite intent to allege successfully such a claim.  Further, Count XI's failure to meet even the most basic pleading requirement of Rule 8 is a silent admission that he has no factual basis to maintain a claim for violation of the Utah Truth in Advertising Act.

<u>COUNTS XIV-XVII</u>:  Plaintiff Paragin's Ohio state law claims, purportedly brought on behalf of the Ohio subclass against all Defendants, are also each subject to dismissal with prejudice.  Specifically, Counts XIV-XVII are each subject to dismissal with prejudice because: (1) Plaintiff Paragin cannot plead the requisite notice to bring class claims under the Ohio Consumer Sales Practices Act (Count XIV); (2) consumers do not have standing to assert claims under Ohio's Deceptive Trade Practices Act (Count XV); (3) his claim for tortious breach of warranty is barred by the economic loss doctrine (Count XVI); and (4) he cannot assert a cognizable duty owed by

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Defendants as required to maintain a claim for fraudulent concealment (Count XVII).

### D.   Claims Subject To Dismissal <u>Without Prejudice</u>

<u>COUNTS IV, V, VII, VIII, IX, XII, and XIII</u>:  Plaintiffs Edge, Chenier, Latta, Gonzalez, Stiepleman and Ruscitti's state consumer protection claims brought on behalf of the California, New York, Florida and Illinois subclasses against all Defendants,[1] are subject to dismissal without prejudice, because they are universally defective in failing to meet the heightened pleading requirement of Rule 9(b) applicable to claims based on fraud.  Despite being constantly alerted to this pleading failure by Defendants, the FACC still fails to assert the ***who, what, when, where, and how*** of the alleged misrepresentations that the Plaintiffs allege they each individually were exposed to and relied upon in making their respective purchases.  Plaintiffs must be required to plead finally and adequately these claims with the particularity required by Rule 9(b), and allow Defendants the opportunity to fairly respond to the allegations.

For these and the reasons enumerated below, Plaintiffs' claims asserted in the FACC against the Oreck entity Defendants should be dismissed.

## II.   <u>LEGAL STANDARD</u>

### A.   Rule 12(b)(1)

It is well established that standing is a jurisdictional requirement that a party invoking federal jurisdiction has the burden of establishing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Standing is consequentially a "threshold question in every federal case," properly raised in a motion to dismiss under Rule 12(b)(1).  *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2002).

### B.   Rule 12(b)(6)

A complaint is subject to dismissal if it fails "to state a claim upon which relief

---

[1]      With the exception of <u>Count IV</u> for violation of the California Consumer Legal Remedies Act (against only Oreck Corporation) and <u>Count XII</u> for violation of the Florida Deceptive and Unfair Trade Practices Act (against Oreck Corporation and Oreck Direct, but not Oreck Homecare), the state consumer protection claims are asserted against all Defendants.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has made it clear that "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a cognizable claim and the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In order to survive a motion to dismiss, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Wright v. Gen. Mills*, No. 08cv1532(NLS), 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### C.    Rule 9(b)

Plaintiffs' state consumer protection claims that all sound in fraud must meet the standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). The failure to plead Defendants' alleged conduct with particularity, as required by Rule 9(b), renders the claims subject to dismissal. *Van Slyke v. Capital One Bank*, No. C 07-00671 WHA, 2007 WL 3343943, at *9 (N.D. Cal. Nov. 7, 2007).

## III.    LEGAL DISCUSSION

### A.    Counts I-III Cannot Be Brought On Behalf Of A Nationwide Class And Are Subject To Dismissal With Prejudice

#### 1.    COUNT I – Magnuson-Moss Federal Warranty Trade Act

Plaintiffs' Count I purports to be a claim by Plaintiffs and the nationwide class that they seek to represent under the Magnusson-Moss Warranty Act ("MMWA") against Defendant Oreck Corporation. "Section 2310 of Magnuson-Moss provides a statutory cause of action to consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with [any obligation imposed by the Act] or under a

written warranty, implied warranty or service contract." *Cunningham v. Fleetwood Homes of Ga.*, 253 F.3d 611, 617-18 (11th Cir. 2001).  MMWA provides nothing more than a federal, private right of action to enforce the terms of warranties created under and governed by state law.  *See Bailey v. Monaco Coach Corp.*, 168 Fed. Appx. 893, 894 n.1 (11th Cir. 2006).  Thus, any warranty claims that fail under state law (here, Counts II and III) cannot form the basis for a claim under MMWA.  *See Birdsong v. Apple, Inc.,* No. C 06-02280 JW, 2008 WL 7359917 (N.D. Cal. 2008), *aff'd*, 590 F.3d 955 (9th Cir. 2009) (a plaintiff must state a viable claim for breach of either an express or implied warranty in order to sufficiently plead a claim under Magnuson-Moss).  *See also Demorato v. Carver Boat Corps.*, Civ. No. 06-240, 2007 WL 1456207, at *8 (D.N.J. May 16, 2007); *In re Ford Motor Co. Ignition Switch Products Liab. Litig.*, 19 F. Supp. 2d 263, 267 (D.N.J. 1998).

As explained below, Plaintiffs' underlying claims for breach of express and implied warranties can only be asserted by each Plaintiff on behalf of the subclass of purchasers from ***their own state***, and therefore, all of Plaintiffs' warranty claims are fatally defective in silently invoking the laws of all 50 states and purporting to be brought on behalf of a nationwide class.  Plaintiffs' attempt to "enlarge" their warranty claims by adding a claim under MMWA should be rejected by this Court.

Count I on behalf of a nationwide class should therefore be dismissed from the FACC with prejudice, and any leave to amend be limited to allowing such claims only on behalf of subclasses of purchasers from the six states in which Plaintiffs reside.

### 2.   COUNT II – Breach Of Express Warranties

#### a.   Count II Fails The Most Basic Pleading Requirement

As an initial matter, Count II against Defendant Oreck Corporation is utterly deficient in pleading the express warranty claims by seeking to invoke claims beyond Plaintiffs' respective states' laws.  While counsel for Plaintiffs have represented that they seek to invoke the laws of all 50 states (during meet and confer conferences), shockingly

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

the FACC **fails to even identify** those state statutes that Plaintiffs purport to invoke under Count II, much less recite the requisite elements of the state causes of action and the grounds for their entitlement to relief.  (Declaration of Gayle I. Jenkins, ¶¶3-5.)

As universally recognized by federal courts, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quotation marks omitted); *see also Twombly*, 550 U.S. at 555.  Thus, **"[t]he mere listing of state consumer fraud statutes . . . is insufficient to state a claim**." *McGarvey v. Penske Auto. Group, Inc*., 639 F. Supp. 2d 450, 465-66 (D.N.J. 2009) (emphasizing that "[p]laintiff fails to allege even the elements of the various statutes, or facts permitting this Court to draw inferences that the elements exist").

Here, Plaintiffs have failed to offer even such a list of the state laws under which they purport to bring their express warranty claims – and, most certainly, have failed to identify the causes of action for those various state warranty statutes or offer even a skeletory recitation of the grounds for relief.  Thus, Count II lacks any basic attempt at meeting the pleading requirements and is subject to dismissal.

　　　　　　a.　　Plaintiffs Lack Standing To Assert Express Warranty Claims On Behalf Of A Nationwide Class

Plaintiffs' failure to identify the state statutes that they purport to invoke in Count II – and the suggestion that they seek to invoke the laws of **all 50 states** – is fundamentally problematic because they (1) lack standing to assert express warranty claims under the laws of states other than those in which they reside, and conversely, (2) lack standing to apply the laws of **their** states to purchasers outside of those states.

As the Ninth Circuit recently recognized, consumer protection claims must be brought under the laws of the state where the consumer plaintiff received alleged misrepresentations or omissions which resulted in the consumer transaction at issue.[2]

_____

[2]　　As the Ninth Circuit explained in *Mazza v. Am. Honda Motor Co*., 666 F.3d 581, 593 (9th Cir. 2012), "each foreign state has an interest in applying its law to

Case No. 2:12-ml-02317 CAS (JEM)
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FACC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Mazza*, 666 F.3d at 594 ("each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place").  At the motion to dismiss stage, the question before the Court is whether at least one named plaintiff has stated a claim for relief under the laws of each of the states that the operative complaint invokes; if no named plaintiff can state a claim under the laws of any state, the claims under those statutes must be dismissed.  *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) (dismissing state law claims because no named plaintiff resided in those states; explaining "[e]ach claim under each state statute must be analyzed separately. . . [a] class cannot assert a claim on behalf of an individual that they cannot represent.").

For example, in *Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012), Judge Ware granted a motion to dismiss all of the non-Massachusetts state law warranty claims ***with prejudice*** because the only named plaintiff had failed to allege that she made any relevant purchases outside of Massachusetts.  Judge Ware explained that, "***[w]here . . . a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal***."  *Id.* (emphasis added). [3]  Judge Ware further explained that "[t]his rule is consistent with the holding of *Mazza* that 'each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.'"  *Id.* (quoting *Mazza,* 666 F.3d at 594).  As a result, the plaintiff in *Granfield* did not have standing to assert claims under any of the warranty laws of the other twenty-eight states named in her complaint.

---

transactions within its borders," which means that, "if California law were applied to [a nationwide class], foreign states would be impaired in their ability to calibrate liability to foster commerce."

[3]    Quoting *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009), and citing *In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) (dismissing claims based on consumer protection laws of every state from which no plaintiff was named).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Likewise here, as residents of California, New York, Ohio, Utah, Illinois and Florida who have not alleged injury in or contact with any other jurisdiction, Plaintiffs do not have standing to assert breach of express warranty claims under the laws of the *forty four states in which they do not reside* on behalf of purchasers in those states. *Granfield,* 2012 WL 2847575 at *4; *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985) (constitutional due process requires a connection between the parties and the state law to be applied). Plaintiffs' utter failure (and inability) to allege a basis on which they can maintain claims under the warranty statutes of any states other than their six states of residence renders the "nationwide" claim subject to dismissal with prejudice.[4] Thus, even if the FACC did not fail to meet the most basic pleading requirement, each Plaintiff can only assert such a claim on behalf of the *subclass* of purchasers *from their state*.

For these reasons, Count II should be dismissed with prejudice as to a nationwide class, and any leave to amend limited to allowing such claims only on behalf of subclasses of purchasers from the six states in which Plaintiffs reside.

3.   COUNT III – Breach Of The Implied Warranty Of Merchantability

a.   Plaintiffs Lack Standing To Assert Implied Warranty Claims On Behalf Of An Uncertain Nationwide Subclass

As an initial matter, for the same reasons, Plaintiffs have no standing to assert

---

[4]   *See, e.g., Granfield,* 2012 WL 2847575 at *4; *Suarez v. Playtex Prods., Inc.*, Nos. 08-C-2703 & 08-C-3352, 2009 WL 2212315, at *2 (N.D. Ill. July 24, 2009) (dismissing claims under consumer-protection statutes of 43 jurisdictions where named plaintiffs did not live and rejecting argument that the issue "is a question for later class certification briefing"); *Cornelius v. Fidelity Nat'l Title Co.*, No. C08-754 MJP, 2009 WL 596585, at *9-10 (W.D. Wash. Mar. 9, 2009) (no basis for claims under the out of state consumer protection statutes; lacking standing, claims were dismissed prior to class certification); *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 413-14 (E.D. Pa. 2009) (dismissing claims from other states because "at least one named Plaintiff must have a cause of action on a claim for that claim to survive a motion to dismiss"); *Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1026-27 (dismissing claims under consumer-protection laws of states where "no named plaintiff resides," and rejecting argument that the issue "should be postponed until class certification").

the law regarding implied warranties of states in which they do not reside for the purchasers residing in those states, and no standing to apply the laws of their states to purchasers outside of those states.[5]

Arguably even more problematic than the "nationwide" claims asserted in Count II, Plaintiffs' Count III is purportedly brought on behalf of an ***entirely uncertain subclass*** of purchasers. Specifically, Plaintiffs allege that their implied warranty of merchantability claims are brought on behalf of an undefined "Vast Majority of the National Class." While Plaintiffs provide a list of non-privity UCC states, Plaintiffs' manner of pleading this claim is impermissibly vague in numerous respects, including: (a) failing to identify the specific state statutes invoked in Count III; (b) failing to allege the elements of the various statutes; and (c) failing to allege any facts permitting this Court to draw inferences that the elements exist for each of those statutes. *See Twombly*, 550 U.S. at 555; *Kost*, 1 F.3d at 183; *McGarvey*, 639 F. Supp. 2d at 465-66. Regardless, as explained above, Plaintiffs cannot maintain such claims on behalf of purchasers from states other than those states in which Plaintiffs reside, and this claim is therefore subject to dismissal with prejudice.

b.  Count III Improperly Conflates Two Distinct Types Of Implied Warranties

Providing a separate ground for dismissal, Plaintiffs' Count III is fatally defective in conflating two distinct types of "implied" warranties, which rely on different concepts and are inherently inconsistent. The implied warranty of ***fitness for a particular purpose*** applies only where the goods at issue are to be used for a particular purpose ***rather than their ordinary use***. *See, e.g., Indus. Hard Chrome Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 746 (N.D. Ill. 1999). Whether a product is sold for a "particular purpose" depends on whether the consumer is to put the product to a

---

[5]  *See Mazza,* 666 F.3d at 594-95; *Granfield,* 2012 WL 2847575 at *4; *Graphics Processing*, 527 F. Supp. 2d at 1026-27; *see also Suarez*, 2009 WL 2212315 at *2; *Cornelius*, 2009 WL 596585 at *9-10; *Flonase*, 610 F. Supp. 2d at 413-14.

Case No. 2:12-ml-02317 CAS (JEM)
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FACC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

specific use other than its general marketability.[6]   Consequently, where the product is to be put to ordinary use, the concept of an implied warranty of fitness for a particular purpose is inapplicable.[7]   Thus, a consumer good sold for its everyday purpose is not protected by an implied warranty for a particular purpose – instead, it is protected by an implied warranty of **merchantability**.  *See, e.g., Wilson v. Massey-Ferguson, Inc.*, 315 N.E.2d 580, 581-83 (Ill. App. Ct. 1974).   Here, unwilling to commit to a single theory, Plaintiffs erroneously and improperly **combine** these conflicting concepts.

As a result, Plaintiffs' deficient and internally inconsistent allegations brought on behalf of an uncertain subclass that purport to state a claim under unidentified elements of state warranty laws that Plaintiffs have no standing to assert should be dismissed.

**B.     Plaintiff Yosri's Counts X-XI Are Fatally Defective And Subject To Dismissal Under Prejudice**

1.     COUNT X – Violation Of Utah's Consumer Sales Practices Act

a.     Plaintiff Yosri Lacks Standing To Bring A Class Claim

As an initial matter, class actions for damages under the UCSPA are authorized only under specific circumstances which Plaintiff Yosri has not, and cannot, allege are

---

[6]     As the comments to Section 2-315 of the Uniform Commercial Code explain: "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages *a specific use by the buyer which is peculiar to the nature of his business* whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.  For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains."  U.C.C. § 2-315, cmt. 2 (emphasis added).

[7]     *See, e.g., Wiegel v. Stork Craft Mft.*, No. 09 C 7417, 2010 WL 3894386, at *1 (N.D. Ill. June 10, 2010) (dismissing implied warranty of fitness for particular purpose claim because allegedly unsafe cribs were used for their ordinary purpose); *Franulovic v. Coca Cola Co.* Nos. 07-539 (RMB) & 07-828(RMB), 2007 WL 3166953, at *6 (D.N.J. Oct. 25, 2007) (dismissing implied warranty of fitness for a particular purpose claim because allegedly defective soft-drink was used for its ordinary purpose); *Anderson v. Farmers Hybrid Cos.*, 408 N.E.2d 1194, 1200-01 (Ill. App. Ct. 1980) (affirming dismissal of implied warranty of fitness for particular purpose claim based on plaintiff's purchase of allegedly defective female pigs for ordinary breeding purposes).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

present here.  Utah Code Ann. § 13-11-19 provides that to bring a class claim, the defendants must have been on prior notice that their conduct was illegal.  Specifically, § 13-11-19 provides that "'[a] consumer who suffers loss as a result of a violation of this chapter may bring a class action for the actual damages caused by an act or practice' if that act was prohibited by an administrative rule, judicial decision, or consent judgment."  *Miller v. Corinthian Colleges, Inc.*, 769 F. Supp. 2d 1336, 1340 (D. Utah 2011) (quoting Utah Code Ann. § 13-11-19(4)(a)).  Absent one of those three conditions, a plaintiff lacks standing to bring a class action.  *Id.*

Here, not only does Plaintiff Yosri fail to assert claims that allow for class treatment under the UCSPA, but he does not and cannot truthfully state that Defendants' conduct was the subject of – and violative of – a previous administrative rule, judicial decision or consent judgment.  Moreover, even if Plaintiff Yosri amended his claim to rely on the FTC consent judgment as "notice" allowing him to seek actual damages on behalf of a class of consumers, that FTC consent judgment was not entered ***before*** the alleged Oreck conduct and can never provide a basis for class relief.

> b.    Count X Improperly Evades The Intent Requirement

Count X is also fatally defective in bringing an untenable claim for "deceptive acts and practices" under the guise of "unconscionability."  The UCSPA claim in the initial Consolidated Complaint cited to § 13-11-**4**, alleging that Defendants' conduct constituted "***deceptive acts and practices***."  However, in recognition of his inability to plead the fundamental element of ***knowing and intentional*** deception,[8] Plaintiff Yosri changed his theory to "unconscionability" under § 13-11-**5** – now alleging that Defendants engaged in "unconscionable acts and practices" – while relying entirely on the ***exact same general allegations***.

Plaintiff Yosri's attempt to rely upon conduct that is enumerated as a "deceptive act" under § 13-11-4 if the conduct is intentional and dub it "unconscionable" if it is

---

[8]    *See Reed v. AFNI, Inc.*, No. 2:09-CV-459 TS, 2011 WL 112430, at *3 (D. Utah Jan. 13, 2011); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1356 (D. Utah 2009).

"unintentional" makes no sense. Indeed, what Plaintiff Yosri alleges is that Defendants sold products that do not have the advertised performance characteristics (expressly covered by § 13-11-4(2)(a)) and do not meet the advertised quality/grade (expressly covered by § 13-11-4(2)(b)) – namely, the ability of the products to kill pathogens as advertised. [9]  (*See* FACC, ¶157.)  Claims brought under § 13-11-4 require an allegation of intent, which here Plaintiff Yosri has conceded he cannot allege.  This legal sleight of hand in attempting to evade the pleading requirement of intent under the UCSPA should be rejected, and Count X should be dismissed with prejudice.

c.     The Allegations Do Not Rise To "Unconscionable"

Apart from the fact that Count X is improperly styled as a claim under § 13-11-5(2), the allegations do not even approach the level of "unconscionability" required to support such a claim.  *See, e.g., Kee*, 656 F. Supp. 2d at 1356 (dismissing claim for failure to rise to the level of "unconscionability" under § 13-11-5).  Plaintiff Yosri claims that Defendants' conduct was "unconscionable" because their representations about the pathogen-killing abilities of the Products turned out to be false and did not justify the inflated prices paid for the Products.  (*See* FACC, ¶157.)  Under the UCSPA, "[t]he unconscionability of an act or practice is a question of law for the court."  Utah Code Ann. § 13-11-5(2).  Merely selling a product that did not live up to its advertising (assuming that is true) is not "unconscionable" conduct.

The Utah Supreme Court has explained that unconscionability under the UCSPA "requires a disparity that is so great as to ***shock the conscience***," and that "an unconscionable contract is one in which no decent, fair-minded person would view the results without being possessed of a ***profound sense of injustice***."  *Woodhaven Apartments v. Washington*, 942 P.2d 918, 925 (Utah 1997) (abrogated on other grounds)

---

[9]    Section 13-11-4 provides a comprehensive list of the "deceptive acts and practices" that fall within the purview of that section of the UCSPA.  *See* Utah Code Ann. § 13-11-4(2).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   (citations omitted) (emphasis added).  Given this high standard set by the Utah Supreme

2   Court that Plaintiff Yosri's allegations fail to meet, this Court should dismiss Count X.

3               2.      COUNT XI – Violation Of Utah's Truth In Advertising Act

4        Count XI is also subject to dismissal because Plaintiff Yosri inappropriately

5   seeks relief under *four* separate and distinct subsections of the UTIAA by simply

6   parroting the language of those subsections and offering *no factual allegations* in

7   support of any of the claims.  First, in support of his claim under § 13-11a-3(1)(b),

8   Plaintiff Yosri makes the legal conclusion that "Defendants caused the likelihood of

9   confusion or misunderstanding as to the approval or certification of the Products by

10  falsely claiming that their pathogen-eliminating properties had been scientifically

11  proven when they had not."  (FACC, ¶160.)  Similarly, and without any factual

12  support, in support of his claim under § 13-11a-3(1)(c), Plaintiff Yosri concludes that

13  "Defendants caused the likelihood of confusion or of misunderstanding as to the

14  affiliation, connection, association or certification by another of the Products by

15  falsely claiming that their pathogen eliminating properties had been scientifically

16  proven."  *Id.*  Finally, Plaintiff Yosri conflates his claims under § 13-11a-3(1)(e) and §

17  13-11a-3(1)(g) and offers the following conclusory allegation: "Additionally, by

18  falsely representing the pathogen eliminating properties of the Products that the

19  Products did not have, Defendants falsely represented that they had characteristics,

20  uses, benefits or qualities that they did not have, and that they were of a particular

21  standard, quality or grade when they were of another."  *Id.*  However, Plaintiff Yosri makes

22  the fatal error of never factually alleging why these statements were *false*.

23       Because Plaintiff Yosri relies solely on conclusory allegations and legal

24  assertions regarding the purported effect of the subject advertisements, Plaintiff Yosri

25  has pled *no factual allegations that state a claim* under any of the four separate

26  subsections of the UTIAA he purports to invoke.  Plaintiff Yosri's utter failure to meet

27  even the most basic pleading requirement of Rule 8 is a silent admission that he has

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

no factual basis to maintain such a claim, and Count XI should therefore be dismissed with prejudice.  *See Robert J. DeBry & Assoc., P.C. v. OWest Dex, Inc.,* No. 1:03CV0099, 2004 WL 5400798, at *3-4 (D. Utah Mar. 5, 2004).

### C.   Plaintiff Paragin's Counts XIV-XVII Are Similarly Defective And Subject To Dismissal Under With Prejudice

#### 1.   COUNT XIV – Violation Of Ohio's Consumer Sales Practices Act

Count XIV purports to state a claim on behalf of the Ohio subclass under the OCSPA against all Defendants.  However, in addition to Plaintiff Paragin's failure to meet the heightened pleading standard applicable to his OCSPA claim by failing to adequately identify any purportedly deceptive statements that he in fact personally viewed and relied upon in buying his Halo vacuum and ProShield Plus air purifier,[10] Plaintiff Paragin seeks statutory remedies that are unavailable and has not alleged facts that satisfy the statutory prerequisites to bringing a class action.

Plaintiff Paragin is not entitled to seek damages on behalf of a class under OCSPA § 1345.09(A).  Subsection (A) only authorizes a consumer to rescind the transaction or recover damages "in an individual action."  Ohio Rev. Code § 1345.09(A); *Marrone v. Philip Morris USA, Inc.*, 850 N.E.2d 31, 33 (Ohio 2006). Plaintiff Paragin's class claim for relief under Section (A) thus fails as a matter of law.

Section 1345.09(B) does allow claims for class-wide relief, but imposes a heightened pleading requirement for class claims brought under the Act that Plaintiff

---

[10]    Allegations under the OCSPA that are grounded in fraud – such as those contained in Count XIV – must comply with the heightened pleading standard of Rule 9(b) by identifying the ***actual representations*** seen and relied upon in purchasing the allegedly defective products *i.e.*, "the time, place and content of the alleged misrepresentation on which he or she relied."  *Yuhasz v. Brush Wellman, Inc.*, 181 F. Supp. 2d 785, 788 (N.D. Ohio 2001).  Plaintiff Paragin's conspicuously failure to provide a specific date on which he allegedly saw an infomercial for both products, or to allege what specific infomercial he relied upon, or even to allege what specific infomercial he saw, renders his claim subject to dismissal.  *See Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (dismissing plaintiff's claims that did not state the time, place and context because general allegations of deceit, without more, do not give rise to a properly pled claim for fraud).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Paragin cannot meet.  Specifically, Subsection (B) requires that a plaintiff seeking relief in a class action must "identify in [his] complaint a rule or judgment that would place the Defendant on notice that the conduct alleged by Plaintiffs violated the CSPA."  *Bower v. IBM Bus. Machs., Inc.*, 495 F. Supp. 2d 837, 841 (S.D. Ohio 2004).  Count XIV fails as a matter of law because Plaintiff Paragin cannot identify a prior rule promulgated by the Attorney General or a court decision available for public inspection that is sufficient to put Defendants on notice that the challenged conduct was previously declared deceptive or unconscionable.  *See Marrone*, 850 N.E.2d at 35-36.

Although Plaintiff Paragin points to Ohio Admin. Code § 109:4-3-03 and a single settlement agreement (*Dannon*), these are not sufficient to provide notice.  First, Admin. Code § 109:4-3-03 is insufficient prior notice under OCSPA because it is a "general rule" that "does not refer to any particular act or practice."  *Marrone*, 850 N.E.2d at 36 (rejecting Admin. Code § 109:4-3-10 as notice; noting "[t]o permit a generic rule to constitute prior notice for the purposes of [OCSPA] would allow any previous determination of a deceptive act or practice to qualify as prior notice for any subsequent alleged deceptive act or practice").  Second, the *Dannon* "Agreed Consent Order" is neither a rule adopted by the Attorney General nor a decision by a court of Ohio – but merely a prior settlement agreement reached between Dannon Company and the Ohio Attorney General that is too dissimilar to ever qualify as providing notice,[11] and, regardless, was not made available for public inspection until March of ***2011*** (one year ***after*** Plaintiff Paragin allegedly purchased his products (FACC, ¶70)) – and thus

---

[11]      The *Dannon* Agreed Consent Order does not involve the same industry (dairy rather than household appliances), nor does it involve substantially similar conduct (claims of curing a specific illness through consumption rather than claims of unique functionality of an appliance) as is alleged in this case.  *See Cassidy v. W. Marine Prods., Inc.*, No. 1:05 CV 2223, 2007 U.S. Dist. LEXIS 45131, at *9-12 (N.D. Ohio June 20, 2007) (finding several citations too dissimilar to provide notice under OCSPA); *Faralli v. Hair Today, Gone Tomorrow*, No. 1:06-CV-504, 2007 WL 120664, at *13 (N.D. Ohio Jan. 10, 2007 (prior decision prohibiting unsubstantiated claims concerning permanency of hair removal by one type of device not sufficiently similar to provide notice on different hair device).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

does not satisfy the notice requirement of § 1345.01(B).  *See Marrone*, 850 N.E.2d at 34-36.  ("Cases that involve industries and conduct very different from the defendant's do not provide meaningful notice of specific acts or practices that violate the CSPA.").

Plaintiff Paragin's failure and inability to plead prior notice requires dismissal of Count XIV.  *Bower*, 495 F. Supp. 2d at 841; *St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 901 (N.D. Ohio 2008) (dismissing OCSPA claim for failure to allege notice).

### 2.   COUNT XV – Violation Of Ohio's Deceptive Trade Practices Act

Count XV is subject to dismissal because Plaintiff Paragin and the members of the Ohio subclass are consumers who lack standing to bring a claim under the ODTPA.  The ODTPA is "substantially similar" to the federal Lanham Act, and courts in Ohio have therefore held that consumers do not have standing to sue under the ODTPA.  *See Arlington Video Prods., Inc. v. Fifth Third Bancorp*, No. 2:08-cv-122, 2008 WL 1990355, at *2 (S.D. Ohio May 1, 2008) (when adjudicating claims under the ODTPA, Ohio courts "apply the same analysis as applicable to a claim commenced under [the] analogous federal law"); *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359448, at *17 (N.D. Ohio Nov. 17, 2006) (ODTPA "only applies to disputes between commercial entities").  Plaintiff Paragin is not a competitor whose business interests were harmed by Defendants; this pleading defect is fatal and cannot be cured through any conceivable amendment.  Count XV should therefore be dismissed with prejudice.

### 3.   COUNT XVI – Tortious Breach Of Warranty

Count XVI is subject to dismissal because Plaintiff Paragin fails to allege a compensable injury, as required to state a claim for tortious breach of warranty under Ohio law.  *See Hoffer v. Cooper Wiring Devices, Inc.*, No. 1:06CV763, 2007 WL 1725317, at *6 (N.D. Ohio June 13, 2007) (citing *Temple v. Wean United, Inc.*, 364 N.E.2d 267 (Ohio 1977) (breach of implied warranty in tort claim requires that "the defect was the direct and proximate cause of the plaintiff's injuries or loss")).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Specifically, Count XVI is barred by the economic loss doctrine, which prevents recovery of damages for purely economic losses alleged in connection with such a claim.  *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006). Courts in the Sixth Circuit have recognized that "[i]n Ohio it is well established that a party cannot bring a cause of action in tort . . . for economic loss.  In the absence of injury to persons or damage to property, economic losses cannot be recovered in tort." *Picker Int'l v. Mayo Found.*, 6 F. Supp. 2d 685, 688-89 (N.D. Ohio 1998) (economic loss rule barred claims for negligent misrepresentation when all alleged damages were economic losses).  Because the only injury alleged by Plaintiff Paragin under Count XVI is purely economic loss,[12] he cannot state a claim for tortious breach of warranty on behalf of the Ohio subclass.  *See Hoffer*, 2007 WL 1725317 at *8 (dismissing claim for breach of implied warranty in tort because plaintiff did not allege he personally experienced any property damage or personal injury).

Moreover, the Supreme Court of Ohio has found that privity of contract renders an implied warranty unnecessary, as it is designed to protect consumers not protected by contractual sales warranties.  *Chemtrol*, 537 N.E.2d at 629-31.  Count XVI should therefore be dismissed with prejudice.

### 4.    COUNT XVII – Fraudulent Misrepresentation And Concealment

#### a.    The Fraudulent Misrepresentation Allegation Fail To Meet Rule 9(b)

Plaintiff Paragin's allegations of fraudulent misrepresentation, which must be pled with particularity,[13] do not even approach the minimum pleading requirements of Rule 9(b) and are therefore subject to dismissal with prejudice.

---

[12]    Indeed, the definition of  "economic loss" includes the loss attributable to any decrease in value of a product as a result of an alleged defect.  *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 629-31 (Ohio 1989).

[13]    *See Boroff v. Alza Corp.*, 685 F. Supp. 2d 704, 711 (N.D. Ohio 2010) (dismissing fraudulent misrepresentation claim for failure to plead with particularity; explaining that Rule 9(b) requires plaintiff "at a minimum, to allege the time, place,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Importantly, Plaintiff Paragin has failed to identify *any* statements in Defendants' advertising that he personally relied upon that are false within his claim for fraudulent misrepresentation.  While Plaintiff Paragin's Count XVII alleges that "Defendants, for example, fraudulently advertised and touted that their products: [(a)] killed up to 99% of illness causing household bacteria, viruses and allergens when the Products do not kill up to 99% of illness causing household bacteria, viruses and allergens; and [(b)] helped protect against the risk of illnesses and other disease, including colds, flu and even the spread of MRSA and E.Coli, when the Products do not help protect against the risk of illnesses and other diseases, including colds, flu and even the spread of MRSA and E. Coli," ***the allegations are conspicuously absent of any allegation that Plaintiff Paragin or any class member saw or relied upon such advertising statements*** – and indeed, are painfully noncommittal in terms of offering such statements as mere examples of the "types" of advertising that Plaintiff Paragin contends might constitute a fraudulent misrepresentation.  (FACC, ¶214.)

Such allegations are patently deficient to meet even the basic pleading requirement of Rule 8,[14] and most certainly do not satisfy the heightened pleading standard of Rule 9(b) that is applicable to this claim premised on fraud.

> b.    Count XVII Fails To Allege Fraud Based On Concealment

Plaintiff Paragin's allegation of fraud based on concealment is also subject to dismissal with prejudice for failure to state a claim.  "Concealment of a fact" cannot, as a matter of law, form the basis of Plaintiff Paragin's claim for fraud because he

---

and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of defendant; and the injury resulting from the fraud").

[14]    Under the *Iqbal/Twombly* standard, while a complaint "does not require 'detailed factual allegations,'" it requires specific "factual content that allows a reasonable inference that the defendant is liable" for an injury to the plaintiff.  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557).  The allegations quoted above are exactly the type of "mere conclusory statements" or "'naked assertion[s]' devoid of 'further factual enhancement'" that are insufficient to state a claim under Rule 8.

does not allege any cognizable duty on the part of Defendants to disclose any "fact." *See Fed. Mgt. Co. v. Coopers & Lybrand*, 738 N.E.2d 842, 853-56 (Ohio Ct. App. 2000).  Indeed, Plaintiff Paragin does not allege the existence of any special fiduciary relationship that would give rise to a duty to disclose.  *Id*. at 855. ("[T]he duty to disclose arises when one party has information that the other party is entitled to know *because of a fiduciary or other similar relation of trust and confidence between them*."  (Emphasis added).).

Accordingly, Plaintiff Paragin has failed to state an actionable claim and Count XVII must be dismissed with prejudice.

### D.    Plaintiffs' Counts IV, V, VII, VIII, IX, XII And XIII Are Subject To Dismissal <u>Without Prejudice</u> For Failure To Meet Rule 9(b)

Plaintiffs Edge, Chenier, Latta, Gonzalez, Stiepleman and Ruscitti's state consumer protection claims are universally subject to dismissal for failure to meet the heightened pleading requirement of Rule 9(b).  Despite being constantly alerted to this pleading deficiency, the FACC still fails to specifically identify the alleged misrepresentations that Plaintiffs allege they each individually were exposed to and relied upon in making their respective purchases.  Plaintiffs must be required to finally adequately plead these claims, with the requisite particularity to satisfy Rule 9(b) and allow Defendants the opportunity to fairly respond to Plaintiffs' allegations.

### 1.    Plaintiffs' State Consumer Protection Claims Must Be Pled With Particularity Under Rule 9(b)

**California.**  California consumer protection claims for breach of the Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law  ("UCL") that are grounded on a course of fraudulent conduct – such as those alleged by Plaintiffs Edge, Latta, and Chenier (the "California Plaintiffs") – are subject to the particularity requirement of Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  In order to meet that heightened pleading

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

requirement and survive a motion to dismiss, the Ninth Circuit has articulated that a plaintiff must allege "the particular circumstances surrounding" the allegedly false statements and omissions, such as what the allegedly false advertisements said, when he/she was exposed to them, or which statements he/she found material – in other words, the "***who, what, when, where, and how*** of the misconduct."   *Kearns,* 567 F.3d at 1126.[15]

**New York.**   Consumer protection claims for violation of New York General Business Laws Art. 22-A §349 (Deceptive Acts and Practices) and § 350 (False Advertising) that are grounded on a course of fraudulent conduct – such as those alleged by Plaintiff Gonzalez – are also subject to the particularity requirement of Rule 9(b).  *See Ozbakir v. Scotti,* No. 09-6460, 2011 WL 477039, at *17 (W.D.N.Y. Feb. 10, 2011) (applying Rule 9(b) to a Section 349 claim); *Pelman v. McDonald's Corp.,* 237 F. Supp. 2d 512, 526 (S.D.N.Y. 2003) ("A plaintiff must plead with specificity the allegedly deceptive acts or practices that form the basis of a claim under the Consumer Protection Act").  As established by New York courts, "[c]onclusory allegations of fraud" are subject to dismissal under Rule 9(b).  *Wilson v. Daiene*, 699 F. Supp. 2d 534, 550 (E.D.N.Y. 2010).

**Florida.**   Florida courts have roundly held that Rule 9(b) applies to claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA").  *See Fla. Digital Network v. N. Telecom. Inc.*, No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163, at *5 (M.D. Fla. Aug. 30, 2006) ("claims arising under the FDUTPA must be pled with particularity"); *see also Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002.  Furthermore, "[i]n order to state a cause of action under the [F]DUTPA, the consumer must . . . allege sufficient facts to show that he has been

---

[15]      *See also Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007) (rejecting UCL and CLRA claims for failure to plead with particularity under Rule 9(b)); *Janda v. T-Mobile, USA, Inc.,* No. C 05-03729, 2008 WL 4847116, at *5-6 (N.D. Cal. Nov. 7, 2008) (dismissing UCL, FAL, and CLRA claims in false advertising case where claims were "premised upon a uniform course of conduct that sounds in fraud").

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

actually aggrieved by the unfair or deceptive act committed by the seller in the course of trade or commerce."  *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004).

**Illinois**.  Illinois law is also unambiguous in applying Rule 9(b) to claims for violation of the Illinois Consumer Fraud and Deceptive Business Act ("ICFA") that are grounded in fraud.  *MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd*, 715 F. Supp. 2d 786, 793 (N.D. Ill. 2010) ("[c]laims based on deceptive practices under the Consumer Fraud Act sound in fraud and so, when brought in federal court, must be pled with particularity").  Courts in Illinois have articulated that to satisfy the requirements of Rule 9(b), a plaintiff must identify with specificity: "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Vicom. Inc. v. Harbridge Merch. Servs., Inc*., 20 F.3d 771, 777 (7th Cir. 1994) (citation omitted).  This requirement is particularly critical in a class action because Illinois law requires each class member have seen and relied upon the ***same*** "deceptive" advertising.  *Barbara's Sales, Inc. v. Intel Corp*., 879 N.E.2d 910, 927 (Ill. 2007) ("plaintiffs must prove that each and every consumer who seeks redress actually saw and was deceived by the statements in question.").

> 2.   Plaintiffs' Consumer Protection Claims Are Universally Defective In Failing To Satisfy Rule 9(b)

Plaintiffs' allegations in support of their consumer protection claims fail to precisely articulate the ***who, what, when, where, and how*** of the misconduct, and therefore violate Rule 9(b).  Specifically, Plaintiffs' repeated "incorporation" of each and every advertisement, commercial and infomercial parroted in and attached to the FACC, and misplaced reliance on allegations that Plaintiffs saw ***either those "or substantially similar"*** advertisements, doom Plaintiffs' claims under the laws of each state.

**Plaintiffs Edge, Latta and Chenier**'s California consumer protection claims are based on allegations of a unified course of fraudulent conduct – that Defendants

Case No. 2:12-ml-02317 CAS (JEM)
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FACC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  misrepresented the benefits of the vacuum and air purifier products and purportedly

2  concealed a lack of substantiation for those claims from Plaintiffs and other consumers

3  – and therefore are subject to Rule 9(b).  However, the California Plaintiffs' allegations

4  under their CLRA, UCL and FAL claims are impermissibly nonspecific by failing to

5  identify (1) the conduct that they contend is the basis for their claims and (2) the

6  advertisements that each Plaintiff saw and relied upon.  Rather, they merely point to

7  every infomercial, commercial, and advertisement identified in the FACC and then

8  offer vague allegations surrounding Plaintiff Edge, Latta and Chenier's viewing of

9  advertisements and subsequent purchases.  The California Plaintiffs' failure to identify

10  the particular circumstances surrounding the advertisements that *those plaintiffs* saw

11  and relied upon in purchasing their products, and that they rest their claims on, subjects

12  Counts IV, V and VII to dismissal under Rule 9(b).[16]

13        **Plaintiff Gonzalez**'s New York consumer protection claims are likewise

14  impermissibly nonspecific by merely offering the following non-committal allegation:

15  "Before her purchase of the Air Purifiers in 2008, while in the State of New York,

16  Plaintiff Gonzalez saw advertisements *such as* those depicted in Exhibits 1, 2, 3, 10,

17  11 and 12, *or ones substantially similar*, and she visited Defendants' website that also

18  made claims about the Products *substantially similar to* the claims made in Exhibits

19  1, 2, 3, 10, 11 and 12."  (FACC, ¶149 (emphasis added).)  Such vague allegations do

20

21  [16]        Aside from violating Rule 9(b), Counts IV, V and VII are also subject to
22  dismissal because the California Plaintiffs have failed to allege any actionable
   representations.  The only representation to which they point is that the products have
23  the ability to kill "*up to 99.9%* of potentially illness causing bacteria, viruses, molds,
   and allergens."  (FACC, ¶¶115, 130 (emphasis added).)  However, advertising
24  containing the qualifier "*up to*" cannot form the basis of an actionable claim for false
   advertising.  *See, e.g., Maloney v. Verizon Internet Servs. Inc.*, 413 Fed. Appx. 997,
25  999-1000 (9th Cir. 2010) (affirming dismissal of false advertising claim because "[a]
   reasonable consumer would not have been deceived by Defendants' statements, which
26  included the qualifier '*up to*' (meaning the same or less than)"); *Tomek v. Apple, Inc.*,
27  No. 2:11-cv-02700-MCE-DAD, 2012 WL 2857035 (E.D. Cal. July 11, 2012)
   (dismissing UCL and CLRA claims based on advertising claims containing the
28  qualifier "up to").

1   not meet the requisite particularity.   Plaintiff Gonzalez's claims must identify the

2   advertisements that ***she actually saw and relied upon*** in purchasing her products, not

3   simply point to a number of the exhibits attached to the operative complaint and then

4   aver that she saw advertisements ***such as*** those set forth in the exhibits, ***or ones***

5   ***substantially similar***.   Otherwise, when Defendants move for partial summary

6   judgment on these legal claims, they would be faced with addressing each and every

7   advertising statement cited in the operative complaint, ***and each and every advertising***

8   ***statement similar thereto***, when the claim is necessarily limited to certain particular

9   advertisements that Plaintiff Gonzalez herself saw.   These deficiencies subject Counts

10   VIII and IX to dismissal.

11        **Plaintiff Stiepleman**'s Florida consumer protection claim also fails to

12   adequately specify the conduct that he contends violates the FDUTPA.   The charging

13   allegation under Count XII is merely conclusory: "Oreck has violated the Act by

14   engaging in the unfair and deceptive practices as described herein, as described in

15   Section IV, including but not limited Section IV(c) above, which offend public

16   policies and are immoral, unethical, unscrupulous, and substantially injurious to

17   consumers."   (FACC, ¶169.)   This is entirely insufficient when pleading a claim that

18   requires the heightened fraud standard because the questions remain: Exactly what in

19   the preceding 162 paragraphs, or even in the 56 paragraphs of Section IV, is Plaintiff

20   Stiepleman claiming is the "unfair and deceptive" practice?   Thus, as it presently

21   stands, Defendants would be unable to move for a ruling under Rule 56 as to whether

22   its conduct was "unfair" and "deceptive" because Plaintiff Stiepleman fails to identify

23   with specificity that which he claims is false and deceptive.   Accordingly, Count XII

24   should be dismissed for failure to plead with particularity.

25        **Plaintiff Ruscitti**'s claim for violation of Illinois' consumer protection statute

26   is critically defective in failing to identify the purportedly fraudulent representations

27   Plaintiff Ruscitti claims to have relied upon.   The ICFA claim – alleging that

28   Defendants engaged in "deceptive practices" and "falsely represent[ed]" in marking

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Case No. 2:12-ml-02317 CAS (JEM)
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FACC

their Products – is unquestionably grounded in fraud.  (FACC, ¶177.)  As a result, to satisfy Rule 9(b), Plaintiff Ruscitti must identify the actual representations that *he* claims to have seen and relied upon in purchasing an Oreck vacuum.  Here, Plaintiff Ruscitti has failed to identify any purportedly deceptive statement that *he personally viewed and relied upon* in buying his Oreck vacuum.  Plaintiff's failure to identify *any* of the purported advertisements that *he* supposedly saw and relied upon warrants dismissal of Count XIII under the heightened Rule 9(b) requirement.

As indicated above, and evidenced by the face of the FACC, Plaintiffs' attempt at "factual" allegations as contained in Section IV(B) raise more questions than they answer, and utterly fail to meet the pleading requirements of Rule 9(b).  For instance:

- Which advertisements did Plaintiff actually *see* prior to purchasing his/her product?
- Which exact statements in those ads did Plaintiff *rely* upon?
- Which commercials did Plaintiff *see* prior to purchasing his/her product?
- Which exact statements in those commercials did Plaintiff *rely* upon in making his/her purchase?
- Which infomercials did each Plaintiff *see* prior to purchasing his/her product?
- Which of the numerous statements made in those infomercials did Plaintiff *rely* upon in making his/her purchase?
- What did Plaintiff *see* on Oreck's website prior to purchasing his/her product?
- Which statements made on Oreck's website did Plaintiff *rely* upon in making his/her purchase?
- If the advertisements attached are not what Plaintiffs saw, what were the "*substantially similar*" representations that Plaintiff *saw and relied* upon in purchasing his/her product?
- What are the exact "warranties" that Plaintiff contends he/she *relied* upon in purchasing his/her product?
- What are the statements that Plaintiff contends are the "misrepresentations" that he/she *relied* upon for his/her claim against Defendants?

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Case No. 2:12-ml-02317 CAS (JEM)
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FACC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  The answers to each of these are not only required to satisfy Rule 9(b), but are

2  material because they would directly affect the ability of each Plaintiff to pursue

3  certain claims.  Otherwise, should Defendants attempt to move for partial summary

4  judgment on these claims, they would be faced with addressing each and every

5  advertising statement cited in the operative complaint – ***and those similar thereto*** –

6  when the claim is necessarily limited to certain particular advertisements that the

7  named plaintiff actually saw.  These deficiencies frustrate the purpose of the applicable

8  heightened pleading standard and subject the claims to dismissal.

9       Accordingly, Counts IV, V, VII, VIII, IX, XII, XIII and XIV should be

10  dismissed for failure to comply with the level of specificity required by Rule 9(b).

11  **IV.    CONCLUSION**

12       For all of the reasons above, Defendants' Motion to Dismiss should be granted

13  by this Court.

14

15  Dated:  October 5, 2012                    WINSTON & STRAWN LLP

16

17                                   By:    /s/ Gayle I. Jenkins
18                                         David L. Aronoff
19                                         Gayle I. Jenkins
                                          Katherine B. Winston
20                                         *Attorneys for Defendants*
                                          ORECK CORPORATION, ORECK
21                                         DIRECT, LLC AND ORECK
                                          HOMECARE, LLC
22

23

24

25

26

27

28